JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Angelo Payne (appellant) appeals his convictions for domestic violence and felonious assault. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On May 28, 2005, appellant and his wife (the victim) were involved in a physical altercation outside their home in Cleveland. Appellant and the victim separated approximately six months before this dispute, and there is conflicting testimony in the record as to whether they were living together at the time of the offense. Nonetheless, the victim suffered from bruises on her body and face and hemorrhaging to her left eye as a result of the fight. According to the victim, appellant beat her with his fists more than 15 times, attempted to choke her and threw her down the basement stairs. However, appellant testified that the victim attempted to choke him and they both fell down the stairs together.
 {¶ 3} Appellant was charged with the following offenses: domestic violence, aggravated burglary, attempted murder, felonious assault, and kidnapping. On October 27, 2005, the court found appellant guilty of domestic violence in violation of R.C.2919.25 and felonious assault in violation of R.C. 2903.11.
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and/or knowingly committed these crimes." Specifically, appellant argues that the only evidence the state presented to establish that he committed the offenses was the victim's self-serving testimony.
 {¶ 5} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259. Domestic violence is defined in R.C.2919.25(A) as "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Felonious assault is defined in R.C. 2903.11(A)(1) as "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."
 {¶ 6} In the instant case, the state presented the following evidence: the victim's testimony that appellant repeatedly beat her with his fists, grabbed her clothing to choke her and keep her from moving, paused for a minute to catch his breath, then threw her down the basement stairs, where she lost consciousness. The state also presented photographs of the victim's injuries and medical reports from the night of the incident, indicating facial and scalp contusions she claimed were caused by domestic violence.
 {¶ 7} Given this evidence, a rational trier of fact could have found both domestic violence and felonious assault proven beyond a reasonable doubt. Accordingly, we find there was sufficient evidence to convict appellant of these two offenses, and the court did not err in doing so. Appellant's first assignment of error is overruled.
 III. {¶ 8} In his second and final assignment of error, appellant argues that his "conviction is against the manifest weight of the evidence." Specifically, appellant's entire argument is as follows: "The record suggests that a manifest miscarriage of justice occurred, and that the trial court came to an incorrect decision. Accordingly, the judge's verdict must be reversed and the matter remanded for a new trial."
 {¶ 9} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
"The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 10} In the instant case, appellant testified that he and the victim began arguing, she put her hand on his throat breaking the chain around his neck, and the next thing he knew, they fell down the stairs together. Appellant further testified that the victim was dazed when she got up, and she said she was going to call the police. The parties had each placed a restraining order against the other in the recent past, and when appellant realized the police may arrive, he fled the scene. Additionally, appellant introduced evidence from his employer and various family members, who testified that the victim is a controlling, violent person, and appellant is a hard-working, decent individual.
 {¶ 11} Given this evidence, we cannot say that the court lost its way in finding appellant guilty of two of the five offenses he was charged with. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., concur.